UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X  Case No. 2:23-cv-04192-GRB-ARL
AMILCAR REYES,

                *Plaintiff*,  **DECLARATION OF LINA STILLMAN, ESQ. IN SUPPORT OF REQUEST FOR DEFAULT JUDGMENT BY CLERK OF THE COURT PURSUANT TO Fed. R. Civ. P. 55(b)(1)**

  -v.-

PORTUGUESE MINI MARKET CORP,
PORTUGUESE FAMILY MARKET INC.,
SANDRA DUARTE CRISTAL,
DANIELA DOMINGUES (FKA DANIELA SILVA)
and AMILCAR DOMINGUES individually,

                *Defendants.*
-------------------------------------------------------X

    **LINA STILLMAN**, an attorney admitted to practice law before this Court hereby declares the following to be true under penalty of perjury, pursuant to 28 U.S.C. §1746:

    1.  I am a member of the Bar of this Court and a partner with the firm of Stillman Legal, P.C., attorneys for Plaintiff AMILCAR REYES ("Plaintiff") in the above captioned action. I am fully familiar with the facts and circumstances of this action.

    2.  I make this declaration, pursuant to Fed. R. Civ. P. 55(b)(1) and Rule 55.1 and 55.2(a) of the Civil Rules for the Eastern District of New York, in support of Plaintiff's request to the Clerk of the Court for the entry of a default judgment against Defendants PORTUGUESE MINI MARKET CORP. ("Portuguese Mini Market"), DANIELA DOMINGUES (FKA DANIELA SILVA)("Daniela Domingues") and AMILCAR DOMINGUES ("Amilcar Domingues"), individually (collectively referred to as the "Defaulting Defendants"), for a sum that can be made certain by computation.

    3.  This is an action to recover the sum of **$48,520.00** in unpaid overtime wages, statutory wage statement violations, liquidated damages, plus statutory interest under

the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*, "the "FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations, that the Defaulting Defendants owe Plaintiff during his period of employment from April 4, 2021 through to April 28, 2023, inclusive.[1]

4. This Court possesses subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331, as Plaintiff's FLSA claims concern a federal question. Further, Plaintiff's claims arising under New York law are so integrally related to the FLSA claims that they form part of the same case or controversy, and therefore fall within the supplemental jurisdiction of the Court. 28 U.S.C. § 1367.

## Procedural History

5.  Plaintiff commenced this action against the Defendants seeking unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") §§ 190, et seq. and §§ 650, et seq., and related regulations, 12 N.Y.C.R.R. § 142-2.4, by the filing of the initial complaint on June 7, 2023 (Exhibit A).

6.  After service of the initial Complaint, Defendants PORTUGUESE FAMILY MARKET INC. and SANDRA DUARTE CRISTAL appeared herein and requested additional time to Answer; prior thereto, Plaintiff obtained leave to and did serve an

---

[1] Defendants PORTUGUESE FAMILY MARKET INC. and SANDRA DUARTE CRISTAL, have appeared herein and have answered the First and Second Amended Complaint, the latter of which they allege that they acquired the subject mini market/deli located at 215 Mineola Blvd, Mineola, NY 11501 (the "Mini Market") from Defendant Portuguese Mini Market and began operations on February 3, 2023. This application for the entry of default judgment is only against the defaulting Defendants Portuguese Mini Market, Daniela Domingues and Amilcar Domingues and seeks recovery for the unpaid wages due Plaintiff during his term of employment when the Defaulting Defendants alone, owned and operated the Mini Market.

Amended Complaint and a Second Amended Complaint (Exhibit B) which Plaintiff served upon the Defendants.

## The Defaulting Defendants' Default

(a) **Defendant Portuguese Mini Market**

7.  The summons and Complaint were duly served upon Defendant Portuguese Mini Market, pursuant to NY Bus. Corp. Law § 306(b)(1) and Fed. R. Civ. P. Rule 4(e)(1) by service upon the New York Secretary of State on June 8, 2023. A copy of a certificate of service evidencing the same is annexed hereto as Exhibit C.

(b) **Defendant Daniela Domingues**

8.  Defendant Daniela Domingues was personally served with the summons and complaint, pursuant to NY CPLR 308(2) and Fed. R. Civ. P. Rule 4(e)(1), by personal service/delivery upon Francisca Doe (refused to provide full name), co-habitant, a person of suitable age and discretion on on August 30, 2024, at Defendant's actual place of dwelling, 17 Wellington Road, #1, Middle Island, New York 11953, with follow-up mailing thereafter. A copy of the filed certificate of service evidencing the same is annexed hereto as Exhibit D.

(c) **Defendant Amilcar Domingues**

9.  Defendant Amilcar Domingues was personally served with the summons and complaint, pursuant to NY CPLR 308(2) and Fed. R. Civ. P. Rule 4(e)(1), by personal service/delivery upon Francisca Doe (refused to provide full name), co-habitant, a person of suitable age and discretion on August 30, 2024, at Defendant's actual place of dwelling, 17 Wellington Road, #1, Middle Island, New York 11953, with follow-up mailing

thereafter. A copy of the filed certificate of service evidencing the same is annexed hereto as Exhibit E.

10. The time for Defendants Portuguese Mini Market, Daniela Domingues and Amilcar Domingues to answer or otherwise move with respect to the Complaint has expired, and was not otherwise extended. A Clerk's Certificate of Default was thereafter issued, a copy of which is annexed hereto as Exhibit F.

## Entitlement to Default Judgment on Claims

11. This action seeks judgment for unpaid minimum and overtime wages, under the NYLL and FLSA, respectively and liquidated damages from April 4, 2021 through to April 28, 2023, inclusive, in the amount of **$48,520.00**, which is a sum that can be made certain by computation as follows in the annexed damages chart (Exhibit G), and in Plaintiff's annexed Declaration:

12. Defendants fall within the purview of the FLSA wage requirements because Defendant Portuguese Mini Market is engaged in interstate commerce, in that it relies heavily on goods and products that have been produced outside of New York state and transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2017 through 2024, and as such was engaged directly in interstate commerce. Further, in Plaintiff's assigned work duties for Defendants he regularly handled goods and products that have been produced outside of New York state and transported across state lines in interstate commerce. See Exhibit A; Plaintiff's Declaration at ¶ 6-7.

13. Under the FLSA and NYLL, employees, in addition to being paid the relevant applicable hourly state minimum wage for the first forty (40) worked per calendar week,

must thereafter be paid at a rate of one-and-one half times their regular wage rate for each hour worked over forty (40) hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2; 29 CFR § 778.5 (requiring that when calculating a FLSA overtime claim, a state's higher minimum wage should be used to ascertain damages instead of the federal minimum wage).

14. Employers and their principals and agents who control and establish employees wages and hours are personally liable for the payment of lawful wages to their employees.

15. Plaintiff was employed by Defendant Portuguese Mini Market from April 4, 2021 through to April 28, 2023, inclusive at its store/facility and place of business, 215 Mineola Blvd, Mineola, NY 11501, where his work duties included serving as butcher and in food preparation. Defendants Daniela Domingues and Amilcar Domingues were the principals, officers and agents of Defendant Portuguese Mini Market, who controlled and established employees wages and hours, and specifically, Plaintiff's wages and hours.

16. As set forth in the complaint and Plaintiff's annexed Declaration, Plaintiff worked for Defendant Portuguese Mini Market from April 4, 2021 through to April 28, 2023, inclusive, six (6) days a week, Tuesdays to Saturdays from 8:00 A.M until 7:00 P.M and on Sundays from 8:00 P.M. and 2:00 P.M., for a total of sixty (60) hours of work per week. Exhibit B at ¶ 33; Plaintiff's Declaration at ¶¶ 9 and 10.

17. Throughout the entire term of his employment with the Defaulting Defendants, Plaintiff was paid at the rate of $20.00 per hours, but was never paid the lawful overtime rate of 1.5 times his regular wage for those hours he worked in excess of forty (40)

hours per week in violation of both 29 U.S.C. § 207(a)(1) and 12 N.Y.C.R.R. § 142-2.2. *See*, Exhibit B at ¶¶ 49-60; Plaintiff's Declaration at ¶¶ 10, 13.

18. As computed in the annexed damages chart, based on the above hours of work and rate of compensation paid and received – as set forth in the Second Amended Complaint and Plaintiff's Declaration, Plaintiff is owed the following amounts from Defendants Portuguese Mini Market, Daniela Domingues and Amilcar Domingues for underpayment of overtime pay due:

(a) For the thirty-eight (38) week period from April 4, 2021 to December 31, 2021, Plaintiff was underpaid **$6,840.00** in overtime wages he was due and lawfully entitled to that period;

(b) For the fifty-two (52) week period from January 1, 2022 to December 31, 2022, Plaintiff was underpaid **$9,360.00** in overtime wages he was due and lawfully entitled to that period; and

(c) For the seventeen (17) week period from January 1, 2023 to April 28, 2023, Plaintiff was underpaid **$3,060.00** in overtime wages he was due and lawfully entitled to that period.

19. Acordingly, for the term of his entire employment with Defendants Portuguese Mini Market, Daniela Domingues and Amilcar Domingues, Plaintiff was underpaid a total of **$19,260.00** in overtime wages, which these Defaulting Defendants are liable for.

20. Although establishing Defendants' liability for unpaid overtime wages under both the NYLL and FLSA, Plaintiff may only recover damages under one statute, and elects recovery of damages under the NYLL because it "provides the highest measure of damages" *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at 3* (S.D.N.Y. 2011).

21. Under both the FLSA and NYLL an award of liquidated damages in the amount equal to the total unpaid compensation is mandatory, *See* 29 U.S.C. §216(b); NYLL § 663(1),

22. Accordingly, Plaintiff is entitled to a judgment against Defendants in the amount of **$19,260.00** for unpaid wages and **$19,260.00** in liquidated damages, for a total of **$38,520.00.**

23. Plaintiff is further entitled to $10,000 in statutory damages for Defendants' failure to provide: (i) written notice of the employee's wages at the time of hiring, and, (ii) a wage statement with each payment of wages. NYLL §§195(1), (3); NYLL §§198(1-b), (1-d). Plaintiff has requisite Article III standing to recover these NYLL statutory Claims because he sustained an actual injury in fact stemming from Defendants' failure to provide the required statements. (*see* Plaintiff's Declaration at ¶¶17-21). Accordingly, Plaintiff is entitled to an additional award of $10,000.00 for these statutory claims.

24. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendants as follows:

| | |
|---|---:|
| A. Wage Violations | **$19,260.00** |
| B. Liquidated Damages | **$19,260.00** |
| C. Wage Notice Violations | **$ 5,000.00** |
| D. Wage Statement Violations | **$ 5,000.00** |
| Total | **$48,520.00** |

with interest at 9% in the amount of **$ $7,206.95,** or as computed by the clerk, NY CPLR 5001, on the award of back pay, *See* NYLL §§ 198(1-a) and 663(1).

25. The total certain sum of **$ $56,126.95** is computed as set forth above and in the annexed damages chart; The basis for Plaintiff's request that judgment be entered in this amount is set forth in the Complaint and in Plaintiff's accompanying Declaration

dated January 30, 2024, and the computations submitted herewith and in the annexed damages chart (Exhibit G)

26. No part of the judgment sought herein has been paid.

27. The disbursements in the amount of $400.00, sought to be taxed have been made in this action or will be necessarily made herein.

28. As demonstrated in his attached Declaration, Plaintiff waives his right to recover his legal fees. See Plaintiff's Declaration at ¶23.

29. As evidenced by the annexed certificate of service (Exhibit I) all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" were mailed to the Defaulting Defendants at their residence, 17 Wellington Road, #1, Middle Island, New York 11953, who are the parties against whom default judgment is sought.

**WHEREFORE**, Plaintiff AMILCAR REYES respectfully requests that judgment be entered by default in favor of Plaintiff and against Defendants PORTUGUESE MINI MARKET CORP., DANIELA DOMINGUES (FKA DANIELA SILVA) and AMILCAR DOMINGUES as follows:

(A) Awarding Plaintiff monetary damages of **$48,520.00,** with **$7,206.95** in prejudgment interest thereon or as computed by the Court;

(B) Costs and disbursements of this action in the amount of **$400**

(C) Such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is just due to Plaintiff, and that no part hereof has been paid.

Dated:  New York, New York

      January 30, 2025

                                        <u>  /s/ Lina Stillman</u>
                                        Lina Stillman, Esq.
                                        STILLMAN LEGAL, P.C.
                                        42 Broadway, 12th Floor
                                        New York, NY 10004
                                        (212) 203-2417
                                        LS@StillmanLegalPC.com
                                        *Attorneys for Plaintiff*